UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CAROLYN RAFAELIAN, an individual, ALEX AND ANI PLEDGE CO., a Rhode Island Corporation and VENICE BEACH WALK, LLC, a California Limited Liability Company, | Case No. |
| Plaintiffs, | COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF |
| V. | |
| LC A&A HOLDINGS, INC. D/B/A LION CAPITAL, a Delaware Corporation, | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

Plaintiffs, Carolyn Rafaelian, Alex and Ani Pledge Co. ("Pledge Co.") and Venice Beach Walk, LLC ("Venice Beach") (collectively the "Plaintiffs"), by and through their undersigned counsel, for their complaint against Defendant, LC A&A Holdings, Inc. d/b/a Lion Capital ("Lion Capital"), allege as follows.

### I. NATURE OF THE ACTION

This is an action for declaratory and injunctive relief arising out of a foreign private equity firm's wrongful attempt to hold Alex and Ani's founder and former chief executive officer in default of a $5 million promissory note – a note secured by her remaining interest in Alex and Ani. The subject promissory note was entered into by the parties in connection with a restructuring of the company in September of 2019. To date, Ms. Rafaelian has honored all of her obligations with respect to the note and related restructuring terms – a transaction which divested her of control of her company and millions of dollars in stock to Lion Capital. Conversely, Lion Capital has failed to deliver on its

promises and is now wrongfully holding Ms. Rafaelian in default of the $5 million note in direct contravention of a clear understanding and agreement between the parties.

In this action, Plaintiffs seek a declaration from the Court that Ms. Rafaelian is not in breach of the subject promissory note, in addition to enjoining Defendant from foreclosing, collecting or levying on any collateral secured under the Note.

## II. PARTIES

1. Plaintiff, Carolyn Rafaelian, is an individual and resident of Palm Beach County, Florida.

2. Plaintiff, Alex & Ani Pledge Co., is a Rhode Island corporation with its principal place of business in Providence, Rhode Island.

3. Plaintiff, Venice Beach Walk, LLC, is a California limited liability company, with its principal place of business in Providence, Rhode Island.

4. Defendant, LC A&A Holdings, Inc. d/b/a Lion Capital, is a corporation organized under the laws of the State of Delaware. Upon information and belief, Lion Capital has its principal place of business located in London, England.

## III. JURISDICTION AND VENUE

5. This Court has personal jurisdiction over the Defendant because a substantial part of the events giving rise to this action occurred within this state and, upon information and belief, the subject promissory note was executed in Rhode Island.

6. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), as each Plaintiff is a citizen of a different state or country compared with the Defendant, and the amount in controversy exceeds the sum or value of $75,000 exclusive of interests and costs.

7. Venue in this District is proper pursuant to 28 U.S.C. § 1391 because, among other things, a substantial part of the events and omissions giving rise to Plaintiffs' claims occurred in this District.

## IV. STATEMENT OF FACTS

**Background**

8. Founded in 2003, Alex and Ani, LLC (together with its affiliated entities the "Company") is a Rhode Island-based jewelry brand headquartered in East Greenwich, Rhode Island.

9. Plaintiff, Carolyn Rafaelian, formerly a resident of Cranston, Rhode Island, is the founder of the Company and, prior to September 2019, its majority, controlling equity holder and Chief Executive Officer.

10. The Defendant and creditor in this action, Lion Capital, is an affiliate of Lion Capital LLP, a London, England based private equity firm and investment adviser formerly registered with the United States Securities and Exchange Commission (the "SEC") (collectively with their affiliated entities hereinafter "Lion Capital").  In 2014 and 2015, Lion Capital purchased JH Partners' entire 40% interest in the Company for approximately $360 million.

**2019 Restructuring of the Company**

11. During the summer of 2019, the Company was disputing an alleged default under a $100 million credit facility with Bank of America (the "BOA Loan").  Lion Capital, at the time a minority and noncontrolling stakeholder, undertook direct communication and negotiation with Bank of America in a purported attempt to resolve the dispute.

12. The product of Lion Capital's direct negotiation with Bank of America was a purported urgent need for a restructuring which mandated, among other things, Ms. Rafaelian to

divest herself of her controlling equity interest and management of the Company to Lion Capital, loan the Company $7 million and execute a $5 million promissory note in favor of Lion Capital.

13. Under duress, on September 13, 2019, Ms. Rafaelian executed the Secured Promissory Note (the "Note") in favor of Lion Capital. The Note provides that Ms. Rafaelian promises to pay Lion Capital $5 million within nine (9) months from the date of the Note, with interest accruing and payable in monthly installments at a rate of 3.5% per annum. The Note further provides that immediately upon receipt of the loan proceeds, Ms. Rafaelian was required to fund the Company in the amount of $5 million. The Note also states that in the event of a default, interest shall increase to 15% per annum.

14. In addition to the Note, Ms. Rafaelian was required to execute the Pledge Agreement (the "Pledge Agreement") on behalf of Alex and Ani Pledge Co. ("Pledge Co."), an entity which she controls and holds her equity interest in the Company, pledging all of her equity in the Company as collateral for the Note. Ms. Rafaelian was also required to execute a Guaranty (the "Guaranty") on behalf of Venice Beach Walk, LLC and Pledge Co.

15. In addition, Ms. Rafaelian was required to execute the Deed of Trust with Assignment of Rents (the "Mortgage") for certain real property in California (the Note, Pledge Agreement, Guaranty and Mortgage collectively the "Loan Agreements") as further security for the Note's repayment.

16. Shortly following the parties' execution of the Note and related restructuring agreements, Ms. Rafaelian, or those acting on her behalf, inquired with Lion Capital regarding the timing of payment of interest under the Note.

17. In early October 2019, Ms. Rafaelian was advised by Lion Capital's principal in writing that all interest on the Note would be due at maturity.

18. In reliance upon this representation and understanding with Lion Capital, Ms. Rafaelian did not make any monthly interest payments on the Note.

**Lion Capital Wrongfully Holds Ms. Rafaelian in Default of the Note**

19. Approximately seven (7) months later, by letter dated April 15, 2020, Lion Capital materially and substantially breached the Note by holding Ms. Rafaelian in default of the Note for allegedly failing to make monthly interest installment payments and charging her interest at a default rate of 15% per annum since the inception of the Note totaling more than $400,000.

20. Prior to April 15, 2020, and consistent with Ms. Rafaelian's understanding with Lion Capital, no allegation of default was ever made by Lion Capital.

21. As a result of the foregoing, Plaintiffs have been forced to commence this action to protect and enforce their rights under the Loan Agreements, retain the undersigned law firm, and agreed to pay a reasonable fee for its services.

22. Plaintiffs stand to suffer immediate and irreparable harm if Defendant takes any action to foreclose, collect or levy on any of the collateral secured under the Loan Agreements including, without limitation, equity interests in the Company held by Pledge Co. and real estate owned by Venice Beach.

23. All conditions precedent to this action's maintenance have been complied with, waived, or excused.

**COUNT I**
**Declaratory Relief**
**(The Declaratory Judgment Act, 28 U.S.C. § 2201)**

24. Plaintiffs repeat and reallege the allegations contained in Paragraphs 1 through 23 of the Complaint as if fully set forth herein.

25. An actual and justiciable controversy exists between the parties as to their respective rights and obligations under the Loan Agreements.

26. Plaintiffs seek the following declarations regarding their obligations under the Loan Agreements:

    a) Declare Ms. Rafaelian was not obligated to make monthly interest installment payments under the Note;

    b) Declare Ms. Rafaelian not in default of the Note for purportedly failing to make interest payments under the Note prior to maturity of the Note; and

    c) Declare Defendant in breach of the Note by unlawfully charging Ms. Rafaelian interest at a default rate of 15% per annum since September 13, 2019.

## COUNT II
### (Injunctive Relief)

27. Plaintiffs repeat and reallege the allegations contained in Paragraphs 1 through 26 of the Complaint as if fully set forth herein.

28. Plaintiffs seek injunctive relief barring Defendant from taking any action from foreclosing, collecting or levying on any assets or collateral under the Loan Agreements.

29. Plaintiffs will suffer irreparable harm from Defendant if their conduct is not so restrained and the status quo preserved, requiring injunctive relief.

30. There is no adequate remedy at law to redress the injuries to be suffered by Plaintiffs without the imposition of the requested injunctive relief.

31. Plaintiffs have a likelihood of success on the merits of their claims sufficient to warrant the imposition of injunctive relief.

32. Plaintiffs submits that the balance of the equities favors the imposition of injunctive relief, issuance of injunctive relief will not disserve public policy and issuance of injunctive relief will preserve the parties' status quo.

## V.    PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendant as follows:

a) Declare Ms. Rafaelian was not obligated to make monthly interest installment payments under the Note;

b) Declare Ms. Rafaelian not in default of the Note for purportedly failing to make interest payments under the Note prior to maturity of the Note;

c) Declare Defendant in breach of the Note by unlawfully charging Ms. Rafaelian interest at a default rate of 15% per annum since September 13, 2019;

d) Enjoin Defendant from foreclosing, collecting or levying on any assets under the Note, Pledge Agreement, Guaranty or Mortgage;

e) Award their costs of litigation, including reasonable attorneys' fees, as authorized by the Note; and

f) Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiffs hereby demand a trial by jury.

Respectfully submitted,

**KALBERER LLP**

By:/s/ *Kurt T. Kalberer II*
Kurt T. Kalberer II (#8007)
7 World Trade Center
250 Greenwich Street, 46th Floor
New York, NY 10004
Tel: (212) 266-0044
E-Mail: kkalberer@kalbererlaw.com
*Counsel for Plaintiffs Carolyn Rafealian, Alex & Ani Pledge Co. and Venice Beach Walk, LLC*

Dated: June 3, 2020