# Exhibit 1

Case 1:20-cv-00247-MSM-PAS   Document 27-1   Filed 08/14/20   Page 2 of 13 PageID #: 547

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------------- x

LC A&A HOLDINGS, INC.,

               Plaintiff,

        - against -

CAROLYN RAFAELIAN,
ALEX AND ANI PLEDGE CO.,
and VENICE BEACH WALK, LLC,

             Defendants.

-------------------------------------------------------- x

Index No.:

**NOTICE OF MOTION FOR
SUMMARY JUDGMENT IN LIEU
OF COMPLAINT**

     **PLEASE TAKE NOTICE** that upon the Summons, dated June 17, 2020, and the Memorandum of Law in Support of Motion for Summary Judgment in Lieu of Complaint, dated June 17, 2020, and the Affidavit of Sherif Guirgis in Support of the Motion, dated June 17, 2020, Plaintiff will move this Court at the Motion Support Office Courtroom, Room 130, at the Supreme Court Building, 60 Centre Street, New York, New York, on August 7, 2020, at 9:30 a.m., or as soon thereafter as counsel can be heard, for an Order granting summary judgment in lieu of complaint pursuant to CPLR 3213 in favor of Plaintiff and against Defendants in the amount of (a) the outstanding principal amount of $5,000,000.00, plus (b) the accrued and unpaid interest at 3.5% per annum through the Maturity Date of $130,683.99, plus (c) prejudgment interest at the default rate of 15% per annum on the total amount owed as of the Maturity Date through the date of judgment, plus (d) post-judgment interest plus (e) Plaintiff's reasonable attorneys' fees, costs, and expenses incurred in enforcing its rights and collecting the amounts due, and for such other and further relief as the Court may deem just and proper, upon the ground that this action is based upon instruments for the payment of money only, which is now due and payable.

1

NYSCEF DOC. NO. 2

**PLEASE TAKE FURTHER NOTICE** that, pursuant to CPLR 3213 and 320(a),

answering papers, if any, are required to be served upon the undersigned so as to be received at

least seven days before the return date of this motion.

Dated: New York, New York
June 17, 2020

**PAUL, WEISS, RIFKIND,**
**WHARTON & GARRISON LLP**

By:  /s/ Elizabeth M. Sacksteder
Elizabeth M. Sacksteder
1285 Avenue of the Americas
New York, NY 10019-6064
Tel.: (212) 373-3000
Fax: (212) 757-3990
*esacksteder@paulweiss.com*

*Attorney for Plaintiff*
*LC A&A Holdings, Inc.*

TO:

Ms. Carolyn Rafaelian
159 Weybosset Street
Providence, RI 02903

Venice Beach Walk, LLC
159 Weybosset Street
Providence, RI 02903

Alex and Ani Pledge Co.
159 Weybosset Street
Providence, RI 02903

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------- x

LC A&A HOLDINGS, INC.,

                 Plaintiff,

          - against -

CAROLYN RAFAELIAN,
ALEX AND ANI PLEDGE CO.,
and VENICE BEACH WALK, LLC,

         Defendants.

------------------------------------------------------- x

Index No.:

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IN LIEU OF COMPLAINT UNDER CPLR 3213

Case 1:20-cv-00247-MSM-PAS   Document 27-1   Filed 08/14/20   Page 5 of 13 PageID #: 550

TABLE OF CONTENTS

| SECTION | HEADING | PAGE |
|---|---|---|
| PRELIMINARY STATEMENT | | 1 |
| STATEMENT OF FACTS | | 1 |
| I. | THE SECURED PROMISSORY NOTE AND THE GUARANTY | 1 |
| II. | DEFENDANTS' DEFAULT UNDER THE SECURED PROMISSORY NOTE | 3 |
| ARGUMENT | | 3 |
| CONCLUSION | | 5 |

i

## TABLE OF AUTHORITIES

**PAGE(S)**

**CASES**

*8430985 Canada Inc.* v. *United Realty Advisors LP*,
  48 N.Y.S.3d 402 (1st Dep't 2017) ....................................................................................4

*Maglich* v. *Saxe, Bacon & Bolan, P.C.*,
  468 N.Y.S.2d 618 (1st Dep't 1983) ................................................................................3, 4

*Mehta* v. *Mehta*,
  90 N.Y.S.3d 306 (2d Dep't 2020) ....................................................................................4

**OTHER AUTHORITIES**

CPLR 3213.............................................................................................................................1, 3, 4

## PRELIMINARY STATEMENT

This is an action for summary judgment in lieu of complaint on a matured but unpaid secured promissory note and a guaranty of payment thereunder. Plaintiff LC A&A Holdings, Inc. ("Plaintiff") is the lender under a Secured Promissory Note, dated as of September 13, 2019 (the "Note"), under which Defendant Carolyn Rafaelian (the "Borrower") borrowed $5 million, which she unconditionally agreed to repay with interest on the maturity date of June 15, 2020 (the "Maturity Date"). Defendants Alex and Ani Pledge Co. ("PledgeCo.") and Venice Beach Walk, LLC ("Venice Beach Walk," and together with PledgeCo., the "Guarantors") contemporaneously entered into a guaranty (the "Guaranty"), whereby they irrevocably and unconditionally guaranteed the full and punctual performance of the Borrower's obligations under the Note. Neither the Borrrower nor the Guarantors paid the principal or accrued interest due on the Maturity Date, and their debt remains unpaid.

The Note and the Guaranty are instruments for the payment of money only, and Defendants' default thereunder is not in dispute. This case is therefore suitable for expedited resolution under CPLR 3213, and Plaintiff is entitled to summary judgment for the amounts owed under the Note and the Guaranty.

## STATEMENT OF FACTS

### I.    THE SECURED PROMISSORY NOTE AND THE GUARANTY

On September 13, 2019, Plaintiff and the Borrower entered into the Note. (Affidavit of Sherif Guirgis dated June 17, 2020 ("Guirgis Aff.") ¶ 3 & Ex. A.) Under the Note, the Borrower unconditionally promised to repay the entire outstanding principal amount of $5 million, plus all accrued but unpaid interest, on the Maturity Date. (*Id.* Ex. A § 2.) The Maturity Date is defined as "the nine month anniversary hereof, or if such day is not a Business Day, the next succeeding

1

Business Day." (*Id*. Ex. A § 1.)  The nine-month anniversary of September 13, 2019 was June 13, 2020, a Saturday, and the next succeeding business day was June 15, 2020, a Monday.

The Note provided that interest would be payable in cash monthly "at a rate per annum equal to 3.50%," provided that after the occurrence of an Event of Default, the interest rate would increase to 15% per annum, payable in cash on demand. (*Id*. Ex. A § 3.)  Under the Note, an Event of Default will "occur and be continuing" if "the Borrower shall fail to make payment when due, whether at stated maturity, by acceleration or otherwise, of any principal on the Loan," or shall fail to pay interest within five business days of when it becomes due.  (*Id*. Ex. A § 10(a).)

The Note also provided that the Borrower would pay or reimburse Plaintiff its reasonable costs and expenses, "including, without limitation, the reasonable fees and expenses of legal counsel" in connection with a default and "any enforcement or collection proceedings resulting therefrom." (*Id*. Ex. A § 15.)

Contemporaneously, on September 13, 2019, the Guarantors executed the Guaranty in favor of Plaintiff.  The Guaranty is attached as Exhibit C to the Note and is a condition precedent thereof.   (Guirgis Aff. ¶ 4, Ex. A §§ 1, 7, & Ex. B.)   Under the Guaranty, the Guarantors unconditionally guaranteed, jointly and severally, the Borrower's obligations to Plaintiff under the Note:

> Guarantors absolutely, unconditionally and irrevocably guarantee, jointly and severally, as primary obligors and not merely as sureties, the full and punctual payment and performance of all present and future obligations, liabilities, covenants and agreements required to be observed and performed or paid or reimbursed by [the Borrower] under or relating to the [Note], plus all costs, expenses and fees (including the reasonable fees and expenses of Beneficiary's counsel) in any way relating to the enforcement or protection of Beneficiary's rights hereunder or thereunder.

(Guirgis Aff., Ex. B § 1.)

Case 1:20-cv-00247-MSM-PAS   Document 27-1   Filed 08/14/20   Page 9 of 13 PageID #: 554

The Note and the Guaranty are governed by New York law, without regard to the choice of law principles thereof. (Guirgis Aff., Ex. A § 16, Ex. B § 8.) The Borrower and the Guarantors waived any right to a jury trial. (*Id.* Ex. A § 18, Ex. B. § 9.)

## II. DEFENDANTS' DEFAULT UNDER THE SECURED PROMISSORY NOTE

Since entering into the Note and the Guaranty on September 13, 2019, the Borrower and the Guarantors have not repaid a penny of the principal they owe, nor have they paid any interest. (Guirgis Aff. ¶¶ 5, 7.) Accordingly, an Event of Default has occurred as of June 15, 2020, the Maturity Date, and interest is now accruing at the default rate of 15%.[1]

The amount owed to Plaintiff by the Borrower and the Guarantors, jointly and severally, as of the Maturity Date was (a) the outstanding principal amount of $5,000,000.00 and (b) accrued but unpaid interest in the amount of $130,683.99. Plaintiff seeks a judgment for those amounts, plus prejudgment interest at the default rate from the Maturity Date through the date of judgment, and its attorneys' fees, costs, and expenses.

### ARGUMENT

Under New York law, "[w]hen an action is based upon an instrument for the payment of money only or upon any judgment, the plaintiff may serve with the summons a notice of motion for summary judgment and the supporting papers in lieu of a complaint." CPLR 3213; *Maglich* v. *Saxe, Bacon & Bolan, P.C.*, 468 N.Y.S.2d 618, 620 (1st Dep't 1983). "CPLR 3213 affords a speedy and efficient remedy to secure a judgment in certain cases where service of formal pleadings would be unnecessary for the expeditious resolution of the dispute between the parties."

---

[1] As a technical matter, the Borrower and the Guarantors have been in default of their obligations for many months, because they have not paid any of the interest payable in cash monthly under the Note. The Borrower claims, however, that she did not pay interest when due because a person affiliated with Plaintiff told her that interest was not due until the Maturity Date. Notwithstanding the clear and unambiguous terms of the Note to the contrary, for simplicity Plaintiff does not seek herein interest at the default rate for any period prior to the Maturity Date.

3

Case 1:20-cv-00247-MSM-PAS   Document 27-1   Filed 08/14/20   Page 10 of 13 PageID #: 555

*Maglich*, 468 N.Y.S.2d at 620.  Summary judgment in lieu of complaint is appropriate when the plaintiff seeks judgment for amounts owed under a promissory note and a guaranty.  *See, e.g., 8430985 Canada Inc.* v. *United Realty Advisors LP*, 48 N.Y.S.3d 402 (1st Dep't 2017).

The procedure for accelerated judgment under CPLR 3213 is appropriate where plaintiff establishes a *prima facie* case by virtue of an unconditional promise to pay in a promissory note and a failure to make payments thereunder.  *See, e.g., Mehta* v. *Mehta*, 90 N.Y.S.3d 306, 307 (2d Dep't 2019) (affirming summary judgment where plaintiff provided "proof that the defendant executed the promissory note containing an unconditional promise to pay the plaintiff at a definite time, and that the defendant failed to pay the plaintiff in accordance with the note's terms").

Here, the Borrower executed the Note containing an unconditional promise to pay Plaintiff on the Maturity Date, and the Guarantors unconditionally guaranteed the Borrower's obligations under the Note.  (Guirgis Aff., Ex. A § 2 ("The Borrower hereby unconditionally promises to pay the Lender the entire outstanding principal amount of the Loan, and all accrued and unpaid interest and other unpaid amounts thereon, on the Maturity Date."); *id.* Ex. B § 1 ("Guarantors absolutely, unconditionally and irrevocably guarantee, jointly and severally, as primary obligors and not merely as sureties, the full and punctual payment and performance of all present and future obligations" of the Borrower under the Note).)  The Maturity Date has passed, and neither the Borrower nor the Guarantors has paid any of the amount due.

Accordingly, Plaintiff is entitled to judgment against the Borrower and the Guarantors, jointly and severally, in the amount of (a) the outstanding principal amount of $5,000,000.00, plus (b) the accrued and unpaid interest at 3.5% per annum through the Maturity Date of $130,683.99, plus (c) prejudgment interest at the default rate of 15% per annum on the total amount owed as of the Maturity Date through the date of judgment, plus (d) post-judgment interest plus (e) Plaintiff's

4

reasonable attorneys' fees, costs, and expenses incurred in enforcing its rights under the Note and

the Guaranty and collecting the amounts due.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant Plaintiff's

Motion for Summary Judgment in lieu of Complaint against Defendants and enter judgment for

Plaintiff for:

(a)     the outstanding principal amount of $5,000,000.00;

(b)     the accrued and unpaid interest at 3.5% per annum through the Maturity Date of

$130,683.99;

(c)     prejudgment interest at the default rate of 15% per annum on the total amount

owed as of the Maturity Date through the date of judgment;

(d)     post-judgment interest;

(e)     Plaintiff's reasonable attorneys' fees, costs, and expenses incurred in enforcing its

rights under the Note and the Guaranty and collecting the amounts due; and

(f)     such other and further relief as the Court may deem just and proper.

Case 1:20-cv-00247-MSM-PAS   Document 27-1   Filed 08/14/20   Page 12 of 13 PageID #: 557

DATED:  June 17, 2020

Respectfully submitted,

/s/ Elizabeth M. Sacksteder
Elizabeth M. Sacksteder
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
*Counsel for Plaintiff*
1285 Avenue of the Americas
New York, NY 10019
(212) 373-3000

6

Case 1:20-cv-00247-MSM-PAS   Document 27-1   Filed 08/14/20   Page 13 of 13 PageID #: 558

## Certification of Compliance with Word Count

Pursuant to Rule 17 of the Rules of Practice for the Commercial Division of the Supreme Court, I

certify that this memorandum complies with that rule because it contains 1,479 words.  In making

this certification, I relied on Microsoft Word's "Word Count" tool.


Dated:   New York, New York
         June 17, 2020


By: /s/ Elizabeth M. Sacksteder
    Elizabeth M. Sacksteder
    PAUL, WEISS, RIFKIND, WHARTON & GARRISON
    LLP
    *Counsel for Plaintiff*
    1285 Avenue of the Americas
    New York, NY 10019
    (212) 373-3000